**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INNOVATIVE AUTOMATION LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MIDWEST TAPE, LLC and HOOPLA LLC<br><br>        Defendants. | Case No. 2:16-cv-1<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Automation LLC states its Complaint against defendants and alleges as follows:

### THE PARTIES

1. Plaintiff Innovative Automation LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 606 North First Street, San Jose, California 95112.

2. Defendant Midwest Tape LLC is an Ohio limited liability company with its principal place of business located at 6950 Hall Street, Holland, Ohio 43528.

3. Defendant Hoopla LLC is an Ohio limited liability company with its principal place of business located at 6950 Hall Street, Holland, Ohio 43528.

### JURISDICTION AND VENUE

4. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

5. This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Personal jurisdiction exists generally over Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendants because they, directly or through subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

7.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, Defendants have committed acts of infringement in the Eastern District of Texas and have transacted business in the Eastern District of Texas.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,174,362

8.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

9.     Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,174,362, entitled "Method and System for Supplying Products from Pre-Stored Digital Data in Response to Demands Transmitted via Computer Network," duly and legally issued by the United States Patent and Trademark Office on February 6, 2007 (the "'362 patent"). A true and correct copy of the '362 patent is attached hereto as Exhibit A.

10.    The '362 patent generally describes and claims a computer-implemented method of digital data duplication. Claims 2-26 of the '362 patent describe various other methods and systems of digital data duplication.

11.    Defendants have infringed and continue to infringe, literally and/or under the doctrine of equivalents, claims 2, 7, 10, 11, 19, and 24 of the '362 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendants have infringed and continue to infringe the '362 patent by making, using, offering to sell, selling, and/or importing into the

United States the Hoopla product and service (including the Hoopla mobile applications). The Hoopla product and service is generally described, and is accessible, at https://hoopladigital.com. Attached as Exhibit B is a chart showing Defendants' infringement of Claim 2 of the '362 patent.

12. As a result of Defendants' infringing activities with respect to the '362 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendants' infringement of Plaintiff's exclusive rights under the '362 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff requests entry of judgment in its favor against Defendants for the following:

a) A declaration that Defendants have infringed one or more claims of the '362 patent;

b) An award of damages adequate to compensate Plaintiff for Defendants' infringement of the '362 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

c) An entry of a permanent injunction enjoining Defendants, and their respective officers, agents, employees, and those acting in privity with them, from further infringement of the '362 patent, or in the alternative, awarding a royalty for post-judgment infringement; and

d) An award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury.

January 4, 2016.                               Respectfully submitted,

/s/ Charles Ainsworth
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
Marie A. McCrary, Esq.
100 Pine St., Suite 1250
San Francisco, California 94111
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com
anthony@gutridesafier.com
marie@gutridesafier.com

Charles Ainsworth
Parker Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com

Attorneys for Plaintiff Innovative Automation LLC